# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Wisconsin

| | | |
|---|---|---|
| DARITH FOSTER | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | Jury Demand |
| | ) | |
| U. S. SECURITY ASSOCIATES, INC. d/b/a | ) | |
| ALLIED UNIVERSAL SECURITY SERVICES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

NOW COMES the Plaintiff named above, and as and for a Complaint in the above referenced matter, alleges and shows to the Court as follows:

1. This is an action to redress discriminatory and retaliatory conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq. ("Title VII") and related Wisconsin laws pursuant to 28 U.S.C. § 1367.

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, 1345 and 1367.

3. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

4. At all times relevant hereto, plaintiff Darith Foster (hereafter "FOSTER") was and is an adult citizen and resident of the State of Wisconsin residing at 1115

Romayne Avenue, Racine, WI 53402-4330.

5. At all times relevant hereto, defendant U. S. SECURITY ASSOCIATES, INC., was and is a foreign (Connecticut) corporation whose principal office is located at 200 Mansell Ct East, Ste. 500, Roswell , GA 30076 and whose registered agent for service of process in Wisconsin is C. T. Corporation System, 301 S. Bedford St. Suite 1, Madison , WI 53703.

6. At all times relevant hereto, defendant ALLIED UNIVERSAL SECURITY SERVICES was and is a foreign (Pennsylvania) corporation whose principal office is located at 8 Tower Bridge, 161 Washington Street, Suite 600, Conshohocken, PA 19428 and whose agent for service of process in Wisconsin is C. T. Corporation System, 301 S. Bedford St. Suite 1, Madison , WI 53703.

7. Since the termination of employment referenced herein, the defendant U.S. SECURITY ASSOCIATES, INC. was purchased by and is now a wholly-owned subsidiary of ALLIED UNIVERSAL SECURITY SERVICES; that henceforth said defendants will be collectively referred to as "SECURITY."

8. Defendant SECURITY is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. On his part, FOSTER timely filed a Charge of Discrimination pursuant to Title VII and related Wisconsin laws with the Wisconsin Equal Rights Division ("ERD") and the United States Equal Employment Opportunity Commission ("EEOC") which became known as EEOC Charge Number 443-2017-00573, in which he alleged with particularity his claims of racial discrimination and retaliation against the Defendants.

10. On August 28, 2019, the EEOC issued a letter entitled "Dismissal and

Notice of Rights" related to EEOC Charge Number 443-2017-00573, in which the EEOC notified FOSTER in a section entitled "NOTICE OF SUIT RIGHTS" that: "This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** (emphases in the original)."

11.     That said "Dismissal and Notice of Rights" was purportedly mailed by the EEOC on August 28, 2019 to FOSTER at his residence in Racine, Wisconsin. The letter was received by FOSTER on Tuesday, September 3, 2019 (Monday, September 2, 2019 was Labor Day and there was no mail service). Ninety days from September 3, 2019, will be December 2, 2019.

12.     On his part, FOSTER has exhausted all administrative remedies prior to initiating this lawsuit.

13.     At all times relevant hereto, FOSTER worked for SECURITY as a security guard Supervisor at the Amazon facility in Wisconsin known as "MKE1." Plaintiff's employment commenced on December 4, 2014 and continued until his unlawful retaliatory termination by SECURITY on January 20, 2017.

14.     SECURITY employs more than 15 employees.

15.     Plaintiff is a 37-year-old African-American male.

16.     Plaintiff repeatedly made SECURITY aware of the facts and circumstances related to the discriminatory practices of the local supervisors at the Amazon location culminating with an email sent on January 18, 2017, containing additional specific allegations of racial discrimination related to the behavior of Nicole

Punko ("PUNKO"), one of his supervisors.

17. That specific instances of discriminatory and retaliatory conduct included, but were not limited to the following upon the employment of PUNKO as a district supervisor in a position of authority over FOSTER:

A. PUNKO immediately set about to treat employees of color on the third shift supervised by FOSTER in a disparate fashion, including but not limited to re-assigning competent employees under the supervision of FOSTER to other shifts over his objection and better judgment:

B. PUNKO immediately determined that having more than one person of color in a supervisory positions on the Third Shift at MKE1 was unacceptable and attempted to forcibly and over his objection transfer FOSTER to a different location, "MKE5" despite his outstanding work history and record of accomplishments at MKE1.

C. PUNKO immediately began collecting information to enable her to "justify" the demotion or termination of FOSTER from his supervisory position, despite his successes as a supervisor and for no valid non-discriminatory reason;

D. PUNKO failed and refused to turn over information provided by FOSTER relative to his paycheck shortages due to an incorrectly calculated hourly rate and under-reporting of actual hours worked by FOSTER to company management in an attempt to coerce or "bully" FOSTER into resigning, thereby resulting in a long-term continuing underpayment of FOSTER compared to fellow non-minority employees similarly situated;

E. That prior to his termination FOSTER advised the director of Human Resources, Lisa Huber ("HUBER"), about each of these matters. FOSTER indicated to

Complaint
Page | 4

HUBER that if the matters were not adequately addressed he would be forced to file a formal complaint of discrimination on the basis of race. However, none of the issues were adequately addressed prior to the unlawful termination of FOSTER and in fact the situation was exacerbated as now PUNKO began engaging in a campaign of retaliatory conduct to punish FOSTER for complaining about her conduct.

F. FOSTER personally witnessed PUNKO's racially discriminatory conduct against other employees of color, particularly African-Americans, including such acts as (1) Sending an African-American female guard home early for "not smiling." (2) Requiring written documentation from a physician for the need for frequent urination breaks for a pregnant African-American guard/employee (which ought to have been self-evident, and for which similarly situated non-minority females were not required to produce a "doctor's excuse"); (3) Refused opportunities for the pregnant employee, suffering from gestational diabetes, to have frequent small meals/snacks in order to maintain adequate blood sugar levels for her protection and for the protection of her unborn fetus; and (4) manipulation of the work schedules of African-American employees to frustrate their ability to plan for childcare and elder adult care for relatives in need of such services, in a blatant attempt to frustrate the employees into resigning their employment with SECURITY.

18. That during the course of his employment from December 4, 2014 to January 20, 2017, FOSTER's complaints of harassment met with no corrective response, as SECURITY failed to stop the harassment and by their silence, tacitly encouraged such discriminatory behavior.

19. That during this time, SECURITY failed to promote, attempted to transfer

Case 2:19-cv-01755-JPS    Filed 12/02/19    Page 5 of 7    Document 1

and otherwise took retaliatory steps against FOSTER as a result of the reported racially discriminatory behavior of SECURITY supervisors.

20.     That SECURITY's conduct throughout FOSTER's employment was willful.

21.     That the aforesaid referenced conduct of SECURITY created a hostile working environment for FOSTER in violation of Title VII.

22.     That the aforesaid referenced conduct of SECURITY also constituted a violation of Wisconsin Statutes Chapter 113, et seq.

23.     That on January 18, 2017, FOSTER made a formal complaint against PUNKO and SECURITY management via email in which the above grievances were formalized.

24.     On January 20, 2017, in direct retaliation for his having asserted his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, and in continuation of the pattern of racially discriminatory conduct towards plaintiff, PUNKO and SECURITY terminated the employment of Plaintiff without cause upon pretextual "non-discriminatory" bases.

25.     Based on Defendants' conduct, FOSTER has suffered and continues to suffer damages including economic damages, loss of enjoyment of life, emotional distress and attorneys' fees and costs.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated at Milwaukee, Wisconsin this 30th day of November, 2019.

Digitally signed by:
Imran Kurter, Attorney at Law
Wisconsin State Bar No. 1096182
imran@janeprobstlaw.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE-ENTITLED ACTION BE TRIED BY A TWELVE-PERSON JURY.**

**POST OFFICE ADDRESS:**

Probst Law Offices, S.C.
1011 North Mayfair Road
Suite 203
Wauwatosa, WI 53226
414-210-3135

Case 2:19-cv-01755-JPS    Filed 12/02/19    Page 7 of 7    Document 1